UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ZALINA MOHAMMED,

                   Plaintiff,

       -against-

DELTA AIR LINES, INC.,

                  Defendant.
-------------------------------------------------------X

**REPORT &
RECOMMENDATION**

08-CV-1405 (FB) (JMA)

A P P E A R A N C E S:

Raphael Weitzman
Weitzman Law Offices, L.L.C.
110 Wall Street, 11th Floor
New York, NY 10005
      *Attorney for Plaintiff*

George P. McKeegan
McKeegan & Shearer, P.C.
192 Lexington Avenue, 7th Floor
New York, NY 10016
      *Attorney for Defendant*

**AZRACK, United States Magistrate Judge:**

      On April 7, 2008, Zalina Mohammed ("plaintiff") filed a complaint against Delta Air

Lines, Inc. ("Delta"), and later amended the complaint to include Command Security

Corporation ("Command") as a defendant.  See Compl., ECF No. 1; Am. Compl., ECF No. 3.

Plaintiff and Command are residents of New York, and Delta is a resident of Georgia.  Am.

Compl. ¶¶ 1–3.  The basis of the suit is a personal injury suffered by plaintiff while at John F.

Kennedy International Airport ("JFK").  See Am. Compl. ¶ 21.  A stipulation of discontinuance

as to Command was filed and later so ordered by the Honorable David G. Trager.  ECF Nos. 25,

26.  Afterwards, the case was administratively closed.  Then, the federal docket lay stagnant until

1

August 30, 2010, when plaintiff moved to re-open the case.  First Mot. to Re-Open Case ("Pl.'s Mot. to Re-Open"), ECF No. 27.  Judge Block ordered the Clerk of the Court to re-open the case as to Delta.  See Minute Entry, Mar. 9, 2011.  Plaintiff then filed a motion to amend the complaint to add causes of action for spoliation, fraudulent concealment, fraudulent misrepresentation, and to further specify the underlying negligence cause of action by adding a claim for negligent contracting.  Simultaneously, plaintiff moved for sanctions against Delta based on alleged spoliation of evidence.  See First Mot. for Sanctions, Second Mot. to Am. Compl. (collectively "Pl.'s Mots."), ECF No. 40.  Judge Block referred the motions to me for a Report and Recommendation.  Order, Mar. 30, 2011.  For the reasons discussed below, I respectfully recommend that plaintiff's motions to amend the complaint and for sanctions be denied.

## I.    BACKGROUND

### A.    Factual History

Per the complaint and other filings by plaintiff, on January 19, 2008, plaintiff's plane arrived at Gate 1 in Terminal 3 of JFK.  Am. Compl. ¶¶ 5, 21.  While disembarking, plaintiff was pushed in a wheelchair by a Command employee named Jennifer Mills ("Mills").  Pl.'s Mots., Decl. of Raphael Weitzman in Support of Pl.'s Mot. ("Weitzman Decl.") ¶ 3, ECF No. 40–1; Delta's Aff./Decl. in Opp'n ("Delta Opp'n"), Aff. in Opp'n ¶ 11, ECF No. 43.  As Mills wheeled plaintiff through a door into the terminal, an unidentified Delta contractee who had gone through the door just before plaintiff allowed the door to close and strike plaintiff's foot.  Id.; Am. Compl. ¶ 21.  As a result, plaintiff suffered a fracture in her right foot that eventually necessitated an amputation.  Weitzman Decl. ¶ 3.

**B.      Procedural History**

After the complaint was filed, I held an initial conference on August 5, 2008, and noted

that, because the addition of Command destroyed the diversity required for federal jurisdiction

under 28 U.S.C. 1332(a), plaintiff should withdraw the case as to Command or bring the case in

state court.  See Minute Entry, ECF No. 24.   Then, on September 11, 2008, plaintiff filed a

stipulation of discontinuance without prejudice as to Command.  ECF No. 25.  Judge Trager so

ordered the stipulation, and the federal docket was silent for over a year and nine months.  See

ECF No. 26; Pl.'s Mot. to Re-Open.  After the stipulation was filed, on August 25, 2008, plaintiff

initiated another lawsuit alleging negligence in New York State Supreme Court, Bronx County

against Delta, the Port Authority of New York and New Jersey, Command, and Mills.  Delta

Opp'n Ex. I, ECF No. 43–4.  Plaintiff, Mills, and John Barile ("Barile"), the manager of facilities

and contracts for Delta at JFK, were deposed.  See Delta Opp'n Exs. K, L, M, ECF No. 43–5.

On June 1, 2009, the Honorable Nelson S. Roman granted Delta's motion for summary judgment

and dismissed plaintiff's claims against Delta.  See Delta Opp'n Ex. N at 40, ECF No. 43–6.  In a

lengthy and considered opinion, Justice Roman held that there was no evidence that the door

through which plaintiff was pushed was defective, and thus, Delta was entitled to summary

judgment on plaintiff's premises liability theory.  Id. at 35–38, 40.  Further, Justice Roman held

that liability for common law negligence pertaining to the manner in which plaintiff was

transported, if any, would fall on Command, and because Delta had no control over the

operations of Command, Delta was entitled to summary judgment on that theory as well.  Id. at

33–35, 40.

Beginning in December 2009, plaintiff informed Command that she believed that there

were video cameras at the scene of the incident and requested video footage from the time of the

3

accident.  <u>See</u> Delta Opp'n Exs. O, P, ECF Nos. 43–6, 7.  According to Delta, no video footage

of the accident exists.  <u>See</u> Delta Opp'n, Mem. of Law in Opp'n 18, ECF No. 43–14.  Plaintiff

eventually filed an order to show cause in which she asked the state court for sanctions and/or to

strike the pleadings of Command and Mills for spoliation of evidence.  <u>See</u> Delta Opp'n Ex. Q,

ECF No. 43–7.  After hearing the parties' oral arguments, the Honorable Stanley Green denied

plaintiff's motion.  <u>See</u> Delta Opp'n Ex. R, ECF No. 43–7.  Subsequently, the case went to trial

before the Honorable Kenneth L. Thompson, Jr. against the remaining defendants, Command

and Mills.  <u>See</u> Delta Opp'n Ex. T, ECF No. 43–9.  During the trial, plaintiff again motioned for

sanctions on spoliation grounds, and Justice Thompson orally denied the motion, reasoning that

plaintiff failed to raise a prima facie case of spoliation and, regardless, such a motion was

untimely as it should have been raised prior to trial.  <u>See</u> Delta Opp'n Ex. S at 4–11, ECF No.

43–8.  On February 2, 2010, the jury returned a defense verdict for Command and Mills.  <u>See</u>

Delta Opp'n Ex. T, ECF No. 43–9.

　　　　After the initial loss in state court, plaintiff filed yet another suit in New York Supreme

Court, Bronx County against Delta, Command, and Mills on February 4, 2010 alleging

negligence on the part of Delta in hiring Command, negligence on the part of Command in hiring

Mills, and negligence by Mills.  <u>See</u> Delta Opp'n Ex. U ¶¶ 49, 54–55, 61, ECF No. 43–9.  The

Honorable Lucindo Suarez granted defendants' motions to dismiss on res judicata and collateral

estoppel grounds.  <u>See</u> Delta Opp'n, Ex. V, ECF No. 43–10.  Approximately one month later,

plaintiff filed a motion in this Court to re-open the case.  <u>See</u> Pl.'s Mot. to Re-Open.  On January

5, 2011, the presiding judge, the Honorable David G. Trager passed away, and the case was

reassigned to the Honorable Frederic Block.  Order, Feb. 4, 2011.  Judge Block re-opened the

case as to Delta.  <u>See</u> Minute Entry, Mar. 9, 2011.  Plaintiff then filed a motion to amend the

complaint in which she seeks to add causes of action for spoliation, fraudulent concealment, fraudulent misrepresentation, and to further specify the underlying negligence cause of action by adding a negligent contracting claim.  See generally Pl.'s Mots., Mem. of Law in Support of Pl.'s Mot. for Sanctions and to Am. Pleadings ("Pl.'s Mem. of Law"), ECF No. 40–2.  Plaintiff simultaneously asks this Court to impose sanctions on Delta for allegedly destroying or withholding video footage that would have shown the accident.  Id.

## II.      DISCUSSION

### A.    Motion to Amend

Plaintiff moves to amend the complaint to add causes of action for spoliation, fraudulent concealment, fraudulent misrepresentation,[1] and to further specify the negligence claim by adding a cause of action for negligent contracting.  For the reasons set forth below, I find that amending the complaint would be futile.

### 1.      Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), "a party may amend [its] pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Courts consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[1] It is not entirely clear whether plaintiff attempts to amend the complaint to add a cause of action for fraudulent misrepresentation.  In both the attorney declaration attached to the motion to amend and the reply memorandum of law, plaintiff requests the Court's leave to add causes of action for fraudulent concealment, intentional spoliation, and to further specify the negligence claim, but says nothing of fraudulent misrepresentation.  See Weitzman Decl. ¶ 2; Pl.'s Reply to Mem. of Law in Opp'n ("Pl.'s Reply") 11–12, ECF No. 47–6.  However, in plaintiff's memorandum of law in support of the motion to amend, there is a brief section which gives the standard for fraudulent misrepresentation and applies it to the facts of the case.  Pl.'s Mem. of Law 8.  Giving plaintiff the benefit of the doubt, I will consider this as a request to add a claim for fraudulent misrepresentation.

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

An amendment is deemed futile if the proposed claim would be unable to withstand a Rule 12(b)(6) motion to dismiss.  See Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.").  Thus, "the court must determine whether the allegations in the complaint state a claim upon which relief can be granted."  Amna v. New York State Dep't of Health, No. 08-CV-2806, 2009 WL 6497844, at * 1 (E.D.N.Y. Sept. 3, 2009) (citation omitted).  "[I]t is within the sound discretion of the court whether to grant leave to amend."  John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

### 2.    Plaintiff's Motion to Amend

### a.    Spoliation and Fraudulent Concealment/Misrepresentation

Permitting plaintiff to add a claim for spoliation[2] would be futile because New York State law does not recognize an independent cause of action for spoliation.  See Ortega v. City of New York, 9 N.Y.3d 69, 83 (2007).  In Ortega, the Court of Appeals was faced with the question of whether New York State law permits a cause of action for third-party spoliation.  There, the plaintiff was injured when her car burst into flames.  Id. at 73.  The car was towed to a city-owned lot where, despite a court order to preserve the car, it was destroyed.  Id. at 73–74.  The plaintiff then brought a claim against New York City for spoliation.  The court reasoned that the existing remedies available to courts—e.g., "precluding proof favorable to the spoliator . . .,

---

[2] The Second Circuit defines spoliation as "the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) (citation omitted).

requiring the spoliator to pay costs[,] . . . employing an adverse inference instruction at the trial[, and] . . . . [w]here appropriate, . . . dismissing the action or striking responsive pleadings, thereby rendering a judgment by default against the offending party"—are adequate to deter spoliation, even when dealing with third-parties.  Id. at 76, 79.  Thus, the court found that the plaintiff could not bring a claim for negligent third-party spoliation, and concluded generally by declining to recognize spoliation as an independent tort.  Id. at 83.  In a later case, the Second Department held that New York State law does not recognize an independent cause of action for negligent first-party spoliation.  See Hillman v. Sinha, 77 A.D.3d 887, 888 (2d Dep't 2010).

Here, plaintiff's efforts to amend the complaint to add an independent cause of action for spoliation are futile because the plain language of Ortega and Hillman clearly state that New York State law does not recognize an independent tort of spoliation, either by third-parties or first-parties.  See Ortega, 9 N.Y.3d at 83; Hillman, 77 A.D.3d at 888.

It is also unlikely that New York courts would recognize causes of action for first-party fraudulent concealment or fraudulent misrepresentation in this context.  Ortega was distinguished by the First Department in IDT. Corp. v. Morgan Stanley Dean Witter & Co., 63 A.D.3d 583 (1st Dep't 2009).  There, the plaintiff, IDT Corp. ("IDT"), had a contract with Telefonica International, S.A.  Id. at 584.  The relationship soured and the parties went to arbitration.  Id.  In connection with that arbitration, IDT served a subpoena on a third-party, Morgan Stanley Dean Witter & Co. ("Morgan Stanley").  Id. at 585.  Morgan Stanley turned over documents, but it eventually came to light that Morgan Stanley failed to produce a great number of highly relevant and responsive documents.  Id. at 585.  IDT then sought to amend a complaint against Morgan Stanley in order to add claims for fraudulent concealment and fraudulent misrepresentation.  Id. at 584–85.  The First Department held that, while New York does not recognize the independent

7

tort of third-party spoliation, litigants may seek to remedy the intentional concealment of discoverable material by third parties via the already-existing torts of fraudulent concealment[3] and fraudulent misrepresentation.[4]  Id. at 586–87 ("There is no indication in Ortega that the court would reject an already recognized common-law tort claim simply because the claim was based on the spoliation of evidence.").[5]  In Ortega, however, the Court of Appeals noted that, in the case of third-party spoliation, traditional remedies are adequate to deter spoliation despite the fact that some of these deterrents do not directly affect third-parties.  See Ortega, 9 N.Y.3d at 76, 79.  It thus stands to reason that where the alleged conduct is *first-party* fraudulent concealment or fraudulent misrepresentation, traditional remedies would be sufficient to deter spoliation.  Id. at 79 ("[W]e are not convinced that existing New York remedies are inadequate to deter spoliation . . . ."); Hillman, 77 A.D.3d at 888 (noting that traditional remedies are sufficient to deter first-party negligent spoliation).

Here, plaintiff's fraudulent concealment claim is based on the contention that Delta has video footage of the accident that it refuses to provide.  Plaintiff's fraudulent misrepresentation claim is based on the notion that Delta misrepresented that it does not have video footage, or that Delta misrepresented that there were no cameras at the scene.  In either case, plaintiff attempts to

---

[3] In order to state a fraudulent concealment claim, a plaintiff must allege: "(1) [t]hat defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) [t]hat the evidence was material to the litigation; (3) [t]hat plaintiff could not reasonably have obtained access to the evidence from another source; (4) [t]hat defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; (5) [t]hat plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed."  Rosenblit v. Zimmerman, 166 N.J. 391, 406–07 (2001).

[4] To state a fraudulent misrepresentation claim, a plaintiff must allege that the "defendant made a material misrepresentation of fact; that the misrepresentation was made intentionally in order to defraud or mislead the plaintiff; that the plaintiff reasonably relied on the misrepresentation; [] that the plaintiff suffered damage as a result of its reliance on the defendant's misrepresentation[; and] . . . an allegation that the defendant had a duty to disclose material information and that it failed to do so . . . ."  P.T. Bank Central Asia v. ABN AMRO Bank N.V., 301 A.D.2d 373, 376 (1st Dep't 2003) (internal citations omitted).

[5] IDT Corp. is an Appellate Division case, and, as such, would not control in light of contradictory case law issued from the Court of Appeals.

bring independent tort claims for supposed discovery violations against the opposing party—i.e., Delta.  Because, per <u>Ortega</u>, traditional remedies are sufficient to deter spoliation by opposing parties, plaintiff may not employ independent causes of action based on the alleged violations.[6] This logic is applicable whether the claim is styled as spoliation, fraudulent concealment, or fraudulent misrepresentation.  As such, amending the complaint would be futile because, since New York courts are unlikely to recognize the proffered causes of action, plaintiff is unable to state a claim upon which relief could be granted.  <u>See</u> <u>Lucente</u>, 310 F.3d at 258.  Therefore, I respectfully recommend that the Court deny plaintiff's motion to amend the complaint to include causes of action for spoliation, fraudulent concealment, and fraudulent misrepresentation.[7]

### b.    Negligent Contracting

Plaintiff also seeks to further specify the underlying negligence cause of action against Delta by adding a negligent contracting claim.  This proposed amendment would be futile because any further adjudication of this issue is barred by res judicata.  Under res judicata doctrine, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."  <u>Flaherty v. Lang</u>, 199 F.3d 607, 612 (2d Cir. 1999) (quotation omitted).  "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court."  <u>Burka v. New York City Transit Auth.</u>, 32

---

[6] Judge Trager addressed this very issue in an earlier order in stating: "An independent cause of action may be necessary in the case of a third-party fraudulent concealment because many of the strongest discovery sanctions such as dismissing an action or striking a responsive pleading, cannot be imposed on third parties.  Such sanctions, however, can be imposed on an opposing party that fraudulently conceals evidence during a litigation, rendering any separate cause of action unnecessary.  Notably, . . . <u>Ortega</u> suggests that *New York courts would be reluctant to recognize [a fraudulent concealment claim] where traditional litigation sanctions could provide a remedy*."  Order ("Trager Order") 3–4, ECF No. 35 (emphasis added).  Traditional sanctions would certainly provide remedies where, as here, the alleged spoliator is the opposing party.

[7] Although futility is a sufficient ground upon which to deny leave to amend the complaint, I also note that plaintiff unduly delayed filing the motion.  The motion to re-open the case in order to amend the complaint was made over two years after plaintiff filed the initial complaint, likely because she was engaged in the ultimately unsuccessful state court action during that period.  <u>See generally</u> Compl.; Pl.'s Mots.

F.3d 654, 657 (2d Cir. 1994).  Further, federal courts must apply the doctrine of res judicata according to the rules of the state from which the judgment is taken.  See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996); Giardina v. Nassau Cnty., No. 08-CV-2007, 2010 WL 1850793, at *3 (E.D.N.Y. May 7, 2010).  New York State courts apply a transactional analysis, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief."  Burka, 32 F.3d at 657 (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Res judicata applies when there was: (1) a previous action that resulted in a final adjudication on the merits, (2) the party against whom res judicata is to be invoked was party to the previous action or in privity with a party to that action, and (3) the claims involved in the current case were, or could have been, raised in the previous action.  Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (quoting Whelton v. Educ. Credit Mgmt. Corp., 432 F.3d 150, 155 (2d Cir. 2005)).

Here, plaintiff's negligent contracting claim is barred from further adjudication by res judicata.  First, there was a final, prior adjudication in the first state court action.  There, plaintiff brought negligence claims arising out of the accident at JFK against Delta and Command.  Delta won a summary judgment motion, and a jury returned a defense verdict for Command.[8]  See Hill v. Chalanor, No. 06-CV-0438, 2009 WL 6315325, at *10 (N.D.N.Y. June 8, 2009) ("[S]ummary judgment is a final judgment on the merits for res judicata purposes.") (citing Mitchell v. National Broadcasting Co., 553 F.2d 265, 271 (2d Cir. 1977)).  Second, the plaintiff in the state

---

[8] Plaintiff inexplicably seems to argue that the New York statute dealing with motions to dismiss dictates that the state court action is void.  Pl.'s Reply 4–5 ("CPLR 3211 clearly dictates that the State Court action must defer to the federal action.").  New York C.P.L.R. § 3211 states that a party may move to dismiss on the basis that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States . . . ."  N.Y. C.P.L.R. § 3211(a)(4).  Thus, the statute allows a party to dismiss a pending case on the grounds that another action is ongoing elsewhere.  If anything, C.P.L.R. § 3211 could have been grounds for Delta to dismiss the state court action, not grounds for plaintiff to now retroactively argue that the state court decisions are void.

court action, Zalina Mohammed, is the same plaintiff in the current action.  Third, and finally, because the proposed negligent contracting claim arises out of the same accident that was the basis of the state court action—i.e., the door closing on plaintiff's foot at JFK—it could have been raised in the earlier action.  Thus, because further specifying the negligence cause of action to add a negligent contracting claim would be futile, I respectfully recommend that plaintiff's motion to amend the complaint to add a cause of action for negligent contracting be denied.

**B.      Motion for Sanctions**

Plaintiff moves for sanctions against Delta on the grounds that Delta improperly withheld discoverable video footage of plaintiff's accident.  For the reasons set forth below, I find that sanctions are unwarranted.

### 1.      Motion was Previously Denied by this Court

As an initial matter, before Judge Trager passed away, he wrote in the same Order referenced above that, "[t]o the extent that plaintiff may be seeking sanctions against Delta, that request is denied as untimely."[9]   Trager Order 2.   Judge Trager reasoned that any such application for sanctions would be untimely because it should have been raised during the discovery stage of the state court trial.   Plaintiff counters that sanctions could not have been sought during the discovery stage because the existence of the video camera was discovered much later only after they enlarged photographs of the area.  Pl.'s Reply 10.   Because nothing prevented plaintiff from enlarging the photographs during the early stages of the state court litigation, the issue of sanctions should have been raised then.  Moreover, plaintiff deposed John

---

[9] Judge Trager wrote, "[t]o the extent that plaintiff may be seeking sanctions against Delta, that request is denied as untimely. Although Delta has not explicitly raised that argument, plaintiff has offered no explanation as to why these issues were not raised during discovery, either here or in state court. Notably, plaintiff's letters suggest that plaintiff discovered the existence of the video camera and security guard merely by visiting the airport. Thus, these issues should have been raised during discovery, not after plaintiff lost at trial."  Trager Order 2.  Regardless of whether plaintiff discovered the existence of the video camera by visiting the scene of the accident or by enlarging a photograph of the scene, either method could have been undertaken during discovery.  Thus, the request is untimely.

Barile, the manager of facilities and contracts for Delta at JFK, and neglected to ask any questions pertaining to video footage of the accident.  <u>See</u> Delta Opp'n Ex. M.  Therefore, as Judge Trager already denied plaintiff's motion for sanctions based on spoliation of evidence, I respectfully recommend that the Court again deny plaintiff's motion.

>   **2.      Motion Should be Denied on the Merits**

In the alternative, I find that plaintiff's motion for sanctions should be denied on the merits as plaintiff fails to establish that the evidence she accuses Delta of destroying exists.

>   **a.      Standard**

Rule 37 empowers courts to sanction parties for discovery-related abuses, including spoliation.  <u>See</u> Fed. R. Civ. P. 37 ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.").  Spoliation is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  <u>West v. Goodyear Tire & Rubber Co.</u>, 167 F.3d 776, 779 (2d Cir. 1999).  A party seeking sanctions for spoliation must establish:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind" and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

<u>Zubulake v. UBS Warburg LLC</u>, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (citation omitted).  "In addition to the foregoing three requirements for spoliation, the court states the obvious: the evidence must have existed."  <u>Stephen v. Hanley</u>, No. 03-CV-6226, 2009 WL 1437613, at *2 (E.D.N.Y. May 20, 2009).

### b.      Plaintiff is Unable to Establish that the Evidence Exists

Here, because plaintiff fails to demonstrate that such video footage exists, spoliation doctrine is inapplicable.  Plaintiff's only support for the existence of the footage are photographs taken months after the accident occurred of a video camera in the vicinity of where the accident took place.  Pl.'s Reply 10.  The mere presence of a camera does not establish that video footage of the accident exists or that the camera was in place at the time of the accident.  Per the sworn affidavit of John Barile, the manager of facilities and contracts for Delta at JFK, there were no video cameras trained on the area where the accident occurred.  Delta Opp'n Ex. Y, ECF No. 43–11.  I find that plaintiff fails to establish that the evidence it accuses Delta of destroying or concealing actually exists.  Therefore, in the alternative, because plaintiff's motion fails on the merits, I respectfully recommend that the motion for sanctions be denied.  See Stephen, 2009 WL 1437613, at *2 (denying a plaintiff's motion for spoliation sanctions because the plaintiff could not establish the existence of the alleged evidence that formed the basis of the motion); Farella v. City of New York, No. 05-CV-5711, 2007 WL 193867, at *2–3 (S.D.N.Y. Jan. 25, 2007) (same); Riddle v. Liz Claiborne, Inc., No. 00-CV-1374, 2003 WL 21976403, at *1–3 (S.D.N.Y. Aug. 19, 2003) (same); see also Kreyn v. Gateway Target, No. 05-CV-3175, 2006 WL 3732463, at *2 (E.D.N.Y. Dec. 17, 2006) (denying sanctions motion for spoliation where plaintiff produced no evidence that video footage was destroyed and defendant testified that no camera was trained on the scene of the accident).

### III.      CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motions to amend the complaint and for sanctions be denied.  Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of

the date of receipt of this report and recommendation.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

      SO ORDERED.

Dated: June 8, 2011
      Brooklyn, New York

                                       /s/
                               JOAN M. AZRACK
                               UNITED STATES MAGISTRATE JUDGE