UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ZALINA MOHAMMED,

                 Plaintiff,                **MEMORANDUM AND ORDER**
                                            Case No. 08-CV-1405 (FB) (JMA)

    -against-

DELTA AIRLINES, INC.,

                 Defendant.
--------------------------------------------------------x

*Appearances:*
*For Plaintiff:*                        *For Defendant:*
RAPHAEL WEITZMAN, ESQ.       GEORGE P. MCKEEGAN, ESQ.
Weitzman Law Offices, LLC       McKeegan & Shearer, P.C.
110 Wall Street, 11th Floor        192 Lexington Avenue, 7th Floor
New York, NY 10005             New York, NY 10016

**BLOCK, Senior District Judge:**

       Plaintiff Zalina Mohammed filed this action against Delta Airlines, Inc.

("Delta") on April 7, 2008 to recover for personal injuries allegedly incurred at John F.

Kennedy International Airport.[1]  The late Honorable David Trager administratively closed

the case in error on November 10, 2008.  After it was reassigned to me, I reopened the case

on March 9, 2011.  On March 30, 2011, plaintiff moved to amend her complaint to add

causes of action for fraudulent concealment, fraudulent misrepresentation and spoliation

of evidence.  Plaintiff also sought sanctions against Delta in connection with the alleged

spoliation.  I referred plaintiff's motion to Magistrate Judge Joan Azrack, who has since

issued a Report and Recommendation ("R&R"), dated June 8, 2011, recommending that the

_____

     [1]Plaintiff also named Command Security Corporation ("Command") as a
defendant.  The case against Command was discontinued, by stipulation and agreement
of the parties, on November 12, 2008.

motion be dismissed in its entirety.

## I

Plaintiff contends that video cameras in the airport terminal where her injury alleged occurred recorded the accident, and that Delta withheld disclosure of those recordings by claiming that no recordings ever existed and at one point falsely representing that there were no cameras in the terminal. She argues that Delta's "willful failure to abide by the rules of discovery . . . mandates the imposition of" sanctions, and that her proposed amended complaint is supported by the "vigilance [that] has led several jurisdictions to recognize independent and distinct causes of action based on negligent or intentional spoliation of evidence." Pl's Mem. of Law at 3, 7.

The magistrate judge rejected plaintiff's arguments for the following reasons. First, amending the complaint would be futile because New York courts do not recognize an independent cause of action for spoliation and would be "unlikely" to "recognize causes of action for first-party fraudulent concealment or fraudulent misrepresentation in this context." R&R at 7. Amendment would also be futile because adjudication of the negligent contracting claim is barred by res judicata. Second, sanctions against Delta are unwarranted because Judge Trager already denied a motion for sanctions as untimely, and in the alternative plaintiff's motion for sanctions should be denied on the merits because plaintiff fails to establish that the evidence she accuses Delta of withholding ever existed.

Plaintiff timely objected to the R&R, arguing: that Magistrate Judge Azrack's recommendation is contrary to my own view, as articulated at the March 9 oral argument for the motion to reopen this case; that Judge Trager's denial of plaintiff's motion for

sanctions, on which the R&R relies, was based on a misunderstanding; and that whether plaintiff has established that the evidence she accuses Delta of withholding actually existed is a matter to be ascertained by the jury. Delta responded by resubmitting an Affidavit in Opposition by George McKeegan, an attorney for Delta, and Delta's Memorandum of Law in Opposition to plaintiff's original motion. The Court reviews plaintiff's objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

**A. Motion to Amend the Complaint**

Plaintiff objects to the magistrate judge's finding that amending the complaint to include claims for spoliation, fraudulent concealment and fraudulent misrepresentation would be futile[2] because "Judge Block appeared to be in agreement [with the merits of plaintiff's claims] in open court. . . [when he] directed that plaintiff bring the necessary motion forward." Pl's Objection at 3. The March 9 docket entry states that "Plaintiff's application to file an amended complaint is discussed and plaintiff shall serve and ECF file their amended complaint in 30 days." Plaintiff misunderstands the Court's statements at oral argument and in the March 9 order, none of which represented a conclusion on the viability of the proposed amended complaint.

As the magistrate judge already stated, New York State does not recognize an independent cause of action for spoliation. *See Ortega v. City of N.Y.*, 9 N.Y. 3d 69, 83

---

[2] Plaintiff does not object to the magistrate judge's finding that a negligent contracting claim would be barred by res judicata. The Court may adopt those portions of an R&R to which no specific objection is made, provided that those portions are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Because the finding that plaintiff's negligent contracting claim is barred by res judicata is not clearly erroneous, the Court adopts it without *de novo* review.

3

(2007).  Aside from her argument that this is "contradictory" to this Court's position at oral argument, plaintiff does nothing to dispute that the *Ortega* holding represents clearly established law on this point.  Amending the complaint to include this claim would therefore by futile.

Plaintiff relies upon *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 63 A.D.3d 583 (1st Dep't 2009) for her assertion that she may set forth claims for fraudulent concealment and fraudulent misrepresentation.  However, *IDT Corp.* held that litigants may remedy the intentional concealment of discoverable material by *third parties* through the torts of fraudulent concealment and fraudulent misrepresentation.  *Id.* at 586-87.  In contrast, this case involves *first party* concealment, on the part of Delta.  As the magistrate judge noted, there is nothing to suggest that the existing New York state law remedies available to parties deprived of evidence due to first party spoliation – including preclusion of proof favorable to the spoliator, adverse inference instructions and in extreme circumstances striking responsive pleadings or dismissing the complaint– are inadequate and require the introduction of these additional independent torts.  *See Ortega*, 9 N.Y.3d at 79; *Hillman v. Sinha*, 77 A.D.3d 887, 888 (2d Dep't 2010).  Accordingly, the Court agrees with the magistrate judge and declines to extend the holding of *IDT Corp.* to these circumstances.

## B. Motion for Sanctions Untimely

The magistrate judge recommends that I deny plaintiff's motion for sanctions because Judge Trager did the same previously.  In an Order dated September 22, 2010 Judge Trager wrote: "To the extent that plaintiff may be seeking sanctions against Delta,

that request is untimely." Trager Order 2. Plaintiff counters that this finding was "based on the mistaken belief resulting from a clerk's error that closed the case when it shouldn't have been closed." Pl's Objection at 3. Plaintiff misunderstands the basis for Judge Trager's, and by extension Magistrate Judge Azrack's, decision.

Plaintiff's motion for sanctions is untimely because it should have been raised during the discovery stage of plaintiff's state court case.[3] Plaintiff argues that she could not have moved for sanctions during discovery because she only became aware of the existence of video cameras at the scene of her accident months after the completion of discovery, from enlarged photos of the area. Plaintiff could and should have learned of the cameras earlier by visiting the site or seeking out detailed photographs; having failed to act on this matter during discovery, it is too late for plaintiff to do so now. *See Tri-County Motors, Inc. v. American Suzuki MotorCorp.*, 494 F. Supp. 2d 161, 178 (E.D.N.Y. 2007) (plaintiff's motion for sanctions for spoliation was untimely because they did not raise the issue during discovery).

**C. Motion for Sanctions Denied on the Merits**

The R&R recommends that the motion for sanctions should also be denied on the merits because "plaintiff fails to establish that the evidence she accuses Delta of destroying exists." R&R at 12. Plaintiff objects because whether "the evidence does not *currently*. . . exist is not the issue. The question is <u>did the evidence *ever* exist</u>?" Pl's Objection at 4. Plaintiff further contends that the issue of whether video evidence from the

---

[3]On August 25, 2008 plaintiff initiated a lawsuit in New York State Supreme Court, Bronx County against Delta and others. Following discovery, Delta's motion for summary judgment was granted and all claims against Delta were dismissed.

scene of her accident has ever existed is one for the jury, incorrectly relying upon *Marcano v. Calvary*, 786 N.Y.S. 2d 49 (2004). *Id.* In *Marcano* a videotape that may have captured some of the relevant events had at one point existed and then been erased; the dispute for the jury involved the credibility of witness testimony about the contents of the video. *Marcano*, 786 N.Y.S. 2d at 49. In contrast plaintiff here submits no evidence that the cameras in the airport terminal recorded her accident, she merely points to the fact that cameras were present in the vicinity. Plaintiff therefore fails to establish that the evidence she accuses Delta of destroying or concealing has *ever* existed. *See, e.g. Kreyn v. Gateway Target*, 2006 WL 3732463, at *2 (E.D.N.Y. 2006). Accordingly, the motion for sanctions fails on the merits.

## II

For the foregoing reasons, the Court adopts the R&R and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 15, 2011